UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI SEGHROUGHNI,

    Plaintiff,

v.                                            CASE NO. 8:12-cv-2000-T-23TBM

ADVANTUS RESTAURANT, INC., et al.,

    Defendants.
_____/

## ORDER

The plaintiff moves (Doc. 12) for preliminary approval of a class settlement, provisional certification of the settlement class, appointment of the plaintiff's counsel as class counsel, and approval of the plaintiff's proposed notice of settlement. For settlement purposes only, the defendants are unopposed to the motion.

**I. Preliminary Approval of Settlement**

    1.    Based on a review of the plaintiff's memorandum of law in support of the motion for preliminary approval, the declaration of Andrew R. Frisch, and other papers submitted in connection with the motion for preliminary approval, the "Joint Stipulation of Class and Collective Action Settlement and Release" (Settlement Agreement), which is attached as Exhibit 2 to Frisch's declaration, is preliminarily approved.

    2.    The Settlement Agreement is within the range of possible final settlement approval, and notice to the class is adequate.

3. The parties agree that the Settlement Agreement is the result of extensive, arm's-length negotiation by attorneys well-versed in the prosecution of a wage-and-hour class action and of a collective action. Also, the parties had assistance from an experienced wage-and-hour class-action mediator.

**II. Conditional Certification of the Proposed Rule 23 Settlement Class**

4. For settlement purposes only, the Settlement Class comprises the tipped servers employed by the defendants between February 4, 2008, and July 1, 2008; between August 2, 2008, and August 19, 2008; or between March 2, 2011, and July 9, 2012, and who participated in a tip pool, from which a non-tipped employee received a portion of the tips.

5. For settlement purposes only, the Settlement Class meets the requirements for class certification under Rules 23(a) and (b)(3), Federal Rules of Civil Procedure.[*]

6. The Settlement Class satisfies Rule 23(a)(1) because the joinder of approximately eighty-seven class members is impracticable.

---

[*] Conditional certification of the Rule 23 Settlement Class is premised on the release of all Federal Labor Standards Act claims in this action. The Settlement Agreement states:

> Upon the Effective Date, the FLSA Class Members, and each Rule 23 Class Member who does not timely opt out, will release all wage-and-hour claims that have been or could have been brought in the Litigation against Defendant ("the Released Claims"). By endorsing his or her settlement check, each FLSA Class Member shall release Defendants from all FLSA claims, as well as state wage and hour claims, that were brought in the Litigation or that are based on the same facts and circumstances as the claims brought in the Litigation, through the date on which the Court grants preliminary approval of the settlement.

(Doc. 12-2 at 14)

7. The Settlement Class satisfies Rule 23(a)(2) because the class members share common issues of fact and law, including whether the defendants in violation of federal and state wage-and-hour laws failed to pay the lawful minimum wage.

8. The Settlement Class satisfies Rule 23(a)(3) because the plaintiff's claims are typical of the Settlement Class, concern the same alleged pay policies and practices of the defendants, arise from the same legal theories, and allege the same types of harm and entitlement to relief.

9. Rule 23(a)(4) is satisfied because no conflict of interest exists between the plaintiff and the Settlement Class, and the plaintiff has retained competent counsel to represent him and the Settlement Class. The plaintiff's counsel, Andrew R. Frisch of Morgan & Morgan, P.A. (M&M), regularly engages in wage-and-hour class litigation and other litigation similar to this action and has dedicated substantial resources to the prosecution of this action. Further, the plaintiff and the plaintiff's counsel have adequately represented the Settlement Class members' interests in this action. Therefore, the plaintiff and the plaintiff's counsel meet the adequacy requirement of Rule 23(a)(4).

10. Rule 23(b)(3) is satisfied because common legal and factual issues predominate over individualized issues. The resolution of the common issues for eighty-seven members of the Settlement Class in a single, coordinated proceeding is superior to eighty-seven individual lawsuits addressing the same legal and factual issues.

### III. Appointment of the Plaintiff's Counsel as Class Counsel

11. Under Rule 23(g) and for settlement purposes only, Frisch and M&M are appointed as Class Counsel.

12. Class Counsel performed substantial work identifying, investigating, prosecuting, and settling the plaintiff's and the class member's claims.

13. The defendants concede that Frisch and M&M have significant experience in litigating and settling wage-and-hour class and collective actions.

### IV. Notice

14. The "Notice of Proposed Settlement of Class Action and Fairness Hearing" (Notice), which is attached as Exhibit 3 to Frisch's declaration, is approved. Class Counsel must mail the Notice to each class member.

15. The content of the Notice complies with due process and Rule 23(c)(2)(B).

16. The Notice adequately describes the settlement, informs the classes about the allocation of attorneys' fees, and specifies the date, time, and place of the final approval hearing.

### V. Class Action Settlement Procedure

17. The following class action settlement procedure is adopted:

   a. No later than five calendar days after entry of this order, the defendants must exchange all information necessary for Class Counsel to notify each class member.

   b. No later than fifteen days after entry of this order, Class Counsel must mail the Notice to the class members.

   c. The class members have forty-five days after the day the Notice is mailed to "opt out" of, or to object to, the settlement.

    d.    No later than fifteen days before the final fairness hearing, the plaintiff must file a motion for final approval of the settlement.

    e.    The final fairness hearing is scheduled for **MAY 11, 2015**, at 8:30 a.m. at the United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602, in Courtroom 15A before Judge Steven D. Merryday.

    f.    If the plaintiff's motion for final approval of the settlement is granted, the judge will enter a final order and judgment. If no party appeals the final order and judgment, the "Effective Date" of the settlement is the day after the expiration of the time for appeal.

    g.    If a party seeks rehearing, reconsideration, or appellate review, the "Effective Date" of the settlement is the day after all motions and appeals are finally resolved (including receipt of a mandate from the court of appeals) in favor of final approval.

    h.    The defendants must fund the settlement on the "Effective Date" by remitting to Class Counsel individual checks for the plaintiff and each class member, and for Class Counsel's attorney's fees and costs, the amount needed to pay valid claims, plus the other costs and expenses enumerated in Section 3.2(A) of the Settlement Agreement, in the total calculated by Class Counsel.

    i.    No later than fifteen days after the "Effective Date," Class Counsel must disburse the settlement checks to class members, the attorney's fees and expenses, the service awards, and the claims administrator's fee.

    j.    The parties must abide by all terms of the Settlement Agreement.

ORDERED in Tampa, Florida, on January 28, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE